# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION
### CASE NO:

JANE HERBST,

    Plaintiff,

    v.

FAIRWIND SHORES
CONDMINIUM ASSOC., INC.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JANE HERBST ("Plaintiff") pursuant to 29 U.S.C. § 216(b) hereby files this Complaint for Damages and Demand for Jury Trial against Defendant, FAIRWIND SHORES CONDOMINIUM ASSOC., INC. (referred to hereinafter as "FAIRWIND" or "Defendant") and alleges the following:

## INTRODUCTION

1.    Defendant unlawfully misclassified Plaintiff as an exempt employee under the Fair Labor Standards Act ("FLSA") during the course of her employment and therefore deprived Plaintiff of overtime compensation when Plaintiff worked in excess of forty (40) hours in a workweek.  This action arises under the FLSA pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendant refused to pay Plaintiff during the past three (3) years.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Volusia County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant is and was a Florida limited corporation operating and located in Volusia County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant supervised Plaintiff's work on a daily basis, set Plaintiff's schedule, and had the authority to hire and fire employees, including Plaintiff.

6. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

**JURISDICTION AND VENUE**

7. All acts and/or omissions giving rise to this dispute took place within Volusia County, Florida, which falls within the jurisdiction of this Honorable Court.

8. Defendant operates in Ormond Beach, Florida, within Volusia County. Therefore, jurisdiction is proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

9. Venue is also proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

10.    Defendant operates the Fairwind Shores Condominium (hereinafter "Fairwind Shores") located at 3360 Ocean Shore Boulevard in Ormond Beach, Florida, 32176.

11.    In February 2021 Defendant hired Plaintiff to work as a Community Association Manager at Fairwind Shores.

12.    As part material term and express condition of her employment Defendant required Plaintiff to reside on the premises of Fairwind Shores so that she would be available around the clock to provide services to residents in the building.

13.    Defendant compensated Plaintiff $24,000.00 annually.

14.    The $24,000.00 annual salary paid to Plaintiff is the equivalent of $461.54 per week.

15.    Plaintiff's job duties included but were not limited to: manually cleaning and maintaining the pool on property, obtaining bids and estimates for various maintenance work in the building, reviewing vendor agreements, sending out invoices, ensuring that residents submitted timely payment for amounts due to the association, and maintaining financial records.

16.    Plaintiff also regularly and recurrently spoke on the telephone with residents who were out-of-state and lived part of the year at Fairwind Shores and part of the year outside the State of Florida.

17.    At a minimum, Plaintiff was required to typically work from 8:00 am to 3:30 pm on Monday, Tuesday, Wednesday, Thursday, and Friday. However, Plaintiff

regularly worked additional hours well in excess of 40 in a week and reported these additional hours to Defendant on a weekly basis.

18.     Accordingly, during all times material hereto, Defendant was aware or constructively aware of all work performed by Plaintiff by virtue of the fact that Plaintiff contemporaneously reported these hours to Defendant through an Excel spreadsheet.

19.     For example, during her first week of employment from February 22, 2021, through February 28, 2021, Plaintiff worked approximately 64 hours and reported this time to Defendant. Plaintiff was only compensated $461.54 for all of this work which yields a regular hourly rate of $7.21 per hour with no overtime compensation.

20.     In the second week of her employment from March 1, 2021, through March 7, 2021, Plaintiff worked approximately 70.5 hours and reported this time to Defendant. Plaintiff was only compensated $461.54 for all of this work which yields a regular hourly rate of $6.55 per hour with no overtime compensation.

21.     In the third week of her employment from March 8, 2021, through March 14, 2021, Plaintiff worked approximately 60 hours and reported this time to Defendant. Plaintiff was only compensated $461.54 for all of this work which yields a regular hourly rate of $7.69 per hour with no overtime compensation.

22.     In the fourth week of her employment from March 15, 2021, through March 21, 2021, Plaintiff worked approximately 55 hours and reported this time to

4

Defendant. Plaintiff was only compensated $461.54 for all of this work which yields a regular hourly rate of $8.39 per hour with no overtime compensation.

23.    These unlawful pay practices continued throughout Plaintiff's employment and were not corrected or otherwise remedied by Defendant.

24.    Defendant failed to compensate Plaintiff at least the federal minimum wage for each hour worked on several occasions during her employment.

25.    Moreover, in one or more workweeks during Plaintiff's employment, Defendants failed to pay Plaintiff overtime wages at time-and-one-half her regular hourly rate for her work performed in excess of forty (40) hours in a workweek.

## FLSA COVERAGE

26.    Defendant is covered under the FLSA through enterprise coverage, as it was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

27.    During his employment with Defendant, Plaintiff, and various other employees handled and worked with goods and/or materials that moved through interstate commerce, including, but not limited to the following: computers, telephones, pencils, pens, paper, towels, paper clips, scissors, printers, printer ink,

hoses, buckets, cell phones, extension cords, tape, keyboards, invoices, cash, checks, masks, hand sanitizer, etc.

28.    Defendant regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

29.    Defendant grossed or did business in excess of $500,000.00 in the years 2021 and 2022.

30.    Plaintiff was regularly and recurrently engaged with an instrumentality of interstate commerce by virtue of the fact that she regularly and recurrently used the telephones to communicate with individuals outside of the State of Florida such that Plaintiff is individually covered by the FLSA.

31.    During all material times hereto, Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA.

**COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – 29 U.S.C. § 206**

32.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

33.    Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

34.    The FLSA requires all covered employers to compensate employees at a minimum of $7.25 for every single hour of work performed in a workweek.

35.    During the relevant time period, Defendant failed to compensate Plaintiff at least $7.25 for every single hour of work she performed in one or more workweeks.

36.     Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

37.     Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

38.     Plaintiff has been required to retain the undersigned counsel to recover the unpaid wages sought and is therefore entitled to recover reasonable attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, JANE HERBST, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, FAIRWIND SHORES CONDOMINIUM ASSOC., INC., and award Plaintiff: (a) unliquidated damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) reasonable attorney's fees and costs to be paid by Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II - FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207

39.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

40.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

41.     During one or more workweeks within the relevant time period, Plaintiff worked in excess of forty (40) hours without being compensated appropriate overtime wages for some hours worked over forty (40).

42.    In order to claim a categorical exemption under Section 13(a)(1) of the FLSA an employer must compensate an employee on a salary basis of at least $684.00 per week.

43.    Defendant failed to compensate Plaintiff on a salary basis at the federally mandated rate of at least $684.00 per week.

44.    Instead, Defendant compensated Plaintiff an annual salary of $24,000.00 which is the equivalent of $461.54 per week.

45.    Pursuant to 29 C.F.R. § 541.606(a), "[t]o qualify for exemption under section 13(a)(1) of the Act, an employee must earn the minimum salary amount set forth in § 541.600, 'exclusive of board, lodging or other facilities…' The phrase 'exclusive of board, lodging or other facilities' means 'free and clear' or independent of any claimed credit for non-cash items of value that an employer may provide to an employee… Thus, the costs incurred by an employer to provide an employee with board, lodging or other facilities may not count towards the minimum salary amount required for exemption under this part 541… Such separate transactions are not prohibited between employers and their exempt employees, but the costs to employers associated with such transactions may not be considered when determining if an employee has received the full required minimum salary payment."

46.    On information and belief, during Plaintiff's employment the Defendant attempted to improperly rely upon a lodging credit to help satisfy the salary requirements for exemption in violation of the FLSA and its accompanying regulations.

47.     Defendant's failure to satisfy the salary requirements under the FLSA resulted in Plaintiff suffering a series of federal overtime wage violations.

48.     These federal overtime violations routinely occurred during Plaintiff's employment in several weeks mentioned above, and in other workweeks as will be shown throughout the course of discovery and will continue to occur unless Defendant is required to comply with federal law.

49.     Defendant knew or should have known that Plaintiff worked more than forty (40) hours in one or more workweeks by virtue of Plaintiff's submission of hours she worked each week.

50.     Defendant refused to pay Plaintiff one-and-one-half times her regular hourly rate for some hours of work over forty (40) in one or more weeks of her employment.

51.     Plaintiff therefore claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) during her employment period.

52.     Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

53.     Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

54.     Plaintiff has been required to retain the undersigned counsel to recover the unpaid wages sought and is therefore entitled to recover reasonable attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, JANE HERBST, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, FAIRWIND SHORES CONDOMINIUM ASSOC., INC., and award Plaintiff: (a) unliquidated damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) reasonable attorney's fees and costs to be paid by Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JANE HERBST, demands a trial by jury on all appropriate claims.

**Dated: August 16, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com
catherine@usaemploymentlawyers.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 16, 2022.

By: *  /s/ Jordan Richards                *
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

### <u>SERVICE LIST:</u>